IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 16-0276-WS |
| | ) |
| RYAN SCOTT BURKHARDT, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the defendant's motion to suppress. (Doc. 55). The parties have filed briefs in support of their respective positions, (Docs. 55, 64, 65), and the Court held an evidentiary hearing at which testimony and exhibits were introduced into evidence. The defendant seeks to suppress statements made to law enforcement on April 6 and April 8, 2016, as well as statements made to the media on April 6, 2016. (Doc. 55 at 1; Doc. 65 at 1-2). After careful consideration, the Court concludes that the motion to suppress is due to be denied.

DISCUSSION

**I. Request for Counsel.**

The defendant argues that, prior to making any statement on April 6, 2016, he requested counsel but that law enforcement officers nevertheless proceeded to question him. (Doc. 55 at 2).

"We held in *Edwards* [*v. Arizona*, 451 U.S. 477 (1981),] that if a suspect invokes the right to counsel at any time, the police must immediately cease questioning him until an attorney is present." *Davis v. United States*, 512 U.S. 452, 462 (1994). However, "[u]nless the suspect actually requests an attorney, questioning may continue." *Id*. Whether a suspect invoked his right to counsel "is an objective inquiry," and "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, our precedents do not require the cessation of questioning." *Id*. at 459 (emphasis in original). "Rather, the suspect must unambiguously request counsel." *Id*.

Two law enforcement officers (and later a third) met with the defendant on April 6, 2016 and began by asking background questions to test his awareness of his location and recent medical history. The defendant confirmed that he was at the police station, that he had come from the hospital, and that he had had surgery on his left hand a day and a half earlier. He then spelled his name for the officers. The defendant then used the word "attorney" several times:

- "I know I got some police officers talking to me and I don't have an attorney with me."
- "I was told not to speak to any police officer without an attorney present."
- "I was told not to speak to any police officer without an attorney … present."
- "An attorney [told the defendant] not to speak to any officers without my attorney present."

The defendant then identified by name the attorney that had told him this, at which time the defendant received a *Miranda* warning and consented to be questioned.

The Court agrees with the government that the defendant did not, by these statements, "unambiguously request counsel." Perhaps his statements could be construed by a reasonable officer under the circumstances as a request for counsel, but they could just as easily (if not more so) be construed by such an officer as reflecting merely the defendant's repetition of advice he had received without any decision to follow that advice. The defendant's statements were no less equivocal and ambiguous than those in the following cases, in each of which the statement was held insufficient to require cessation of questioning: *Davis*, 512 U.S. at 462 ("Maybe I should talk to a lawyer."); *Mincey v. Head*, 206 F.3d 1106, 1127, 1132 (11th Cir. 2000) ("[G]o ahead and run the lawyers," uttered immediately after administration of *Miranda* warning); *United States v. Tran*, 171 Fed. Appx. 758, 761 (11th Cir. 2006) (defendant made a "request to retrieve his bankruptcy lawyer's business card").

Because the defendant did not unambiguously request counsel, the law enforcement officers were not required to cease their questioning of him, and his later inculpatory statements cannot be suppressed due to their continued questioning after the quoted statements.

**II.  *Miranda* Waiver.**

As noted, the defendant made no inculpatory statements until after receiving a *Miranda* warning. The defendant explicitly confirmed that he understood his right to have a retained or

2

appointed lawyer present while being questioned, not to answer any questions or make any statements without a lawyer present, and to cease talking at any time.  The law enforcement agents then asked the defendant, "[h]aving these rights in mind, do you want to talk to us?"  The defendant responded, "Pertaining to what?"  The law enforcement agents told him the questions would be about "why you're here right now," that they couldn't tell him that talking would help him, and that whether to answer questions was his choice.  The defendant responded, "The only thing I can do is say ask the question, and if I want to answer it, I'll answer it."

The defendant now argues that his "*Miranda* warnings were ineffectual as he was in a post-operative painful state and under medication." (Doc. 55 at 2).  It is clear that the defendant waived his *Miranda* rights; the question is whether he did so effectively.

"*Miranda* holds that the defendant may waive effectuation of the rights conveyed in the warnings provided the waiver is made voluntarily, knowingly and intelligently."  *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (internal quotes omitted).  A waiver is voluntary if "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception."  *Id*.  The defendant suggests that, given his pain and medication, his agreement to speak without a lawyer was involuntary, (Doc. 55 at 3), but he has identified no evidence of intimidation, coercion or deception by the law enforcement agents or anyone else.  Based on its review of the evidence and assessment of the credibility of the witnesses, the Court finds that there was no such intimidation, coercion or deception and that the defendant's *Miranda* waiver was voluntary.

A *Miranda* waiver is knowing and intelligent if "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  *Moran*, 475 U.S. at 421.  The defendant's own statements regarding speaking without an attorney proves he was fully aware of his right to an attorney and of his right not to speak without one, and the Court so finds.  The defendant's own statement that he would answer only those questions he wanted to answer proves he was fully aware of his right to cease talking at any time, and the Court so finds.  The defendant's repeated questions to the law enforcement officers as to whether answering particular questions would help him proves he was fully aware that speaking could result in incriminating evidence against him, and the Court so finds.

The defendant attempts to portray himself as so wracked by pain and pain medication that he was unable to comprehend what was going on or to validly relinquish his *Miranda* rights.  The Court has reviewed all the video evidence introduced by the parties and considered the

testimony of the law enforcement agents, and it finds that the defendant, throughout the entirety of his encounter with the law enforcement agents, understood perfectly well all that transpired and never lost comprehension of his *Miranda* rights, including the right to cease talking at any time or to refuse to answer any particular question or questions. The Court agrees with the witnesses that the defendant's momentary lassitude when the agents arrived and during the perp walk (on which time frames the defendant relies almost exclusively) was feigned, as demonstrated by his sharp and alert behavior at all other times during the encounter.

Although the defendant frames the issue as one regarding the validity of his *Miranda* waiver, in his reply brief he suggests his challenge is to the voluntariness of his confession rather than of his waiver of the right not to speak. (Doc. 65 at 2-4). The result is the same, since the evidence is the same and the Court's findings regarding the defendant's condition are the same.

Because the defendant effectively waived his *Miranda* rights, and because his subsequent confession was voluntary, the defendant's inculpatory statements cannot be suppressed on this basis.

**III. Perp Walk.**

The defendant asserts that the perp walk violated the Fourth Amendment and compels suppression of statements he made to the media. (Doc. 55 at 4). Because the defendant offered neither evidence nor legal authority for the proposition that the media acted as the state for purposes of the Fourth Amendment, the Court denied his motion for subpoenas to several media representatives. (Doc. 69). The defendant at the evidentiary hearing asked a single question directed to this issue and declined to respond to the government's objection, which the Court therefore sustained. There is thus presented no factual or legal basis for the defendant's argument, and his statements to the media will not be suppressed.

**IV. April 8 Statements.**

Neither in briefing nor at the evidentiary hearing has the defendant identified any basis for suppressing these statements. Indeed, the defendant has not addressed the April 8 questioning at all other than to note that it occurred. There is thus presented no factual or legal basis for suppressing statements made on April 8, and they will not be suppressed.

## CONCLUSION

For the reasons set forth above, the defendant's motion to suppress is **denied** in its entirety.

DONE and ORDERED this 10th day of March, 2017.

s/WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE